419 A.2d 746

**Wilbert YOUNG and Dorothy Young,**

v.

**BRUCE K. REDDING, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1979.

Filed April 25, 1980.

---

Stanford A. Hines, Philadelphia, for appellant.

Robert S. Robbins, Philadelphia, for appellee.

Before WIEAND, ROBINSON and LOUIK, JJ.*

LOUIK, Judge:

This case arose out of the controversy over the distribution of the proceeds of a fire insurance policy. The plaintiffs were owners of property which was extensively damaged by fire. The premises were covered by a fire insurance

* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation. This decision was reached following the death of ROBINSON, J.

policy in the amount of $12,000.00. The defendant handled the details concerning the insurance claim and then proceeded to do the repairs on the premises.

There was a dispute between the parties as to the defendant's authority to handle the insurance claim and also that the repair work was not completed or done in a workman—like manner. The claim against the insurance company was not disputed and the $12,000.00 was paid into court pending the adjudication of the competing claims of plaintiff and defendant. The lower court entered an adjudication distributing the proceeds as follows:

| | |
|---|---|
| To the plaintiff | $4,150.00 |
| To the defendant | $7,500.00 |
| To the Appraiser | $ 350.00 |

The plaintiff filed exceptions to the adjudication and the lower court dismissed the plaintiffs' exceptions. In its Opinion, the lower court stated that the defendant never filed exceptions and that since defendant had filed no exceptions, there were no issues to litigate.

The defendant contends that he did file exceptions to the adjudication and that the court should have ruled upon these exceptions. The record indicates the following:

"WILBERT YOUNG and          )          COURT OF COMMON PLEAS
DOROTHY YOUNG               )               TRIAL DIVISION
                            )               JUNE TERM, 1973
      VS                    )
                            )               NO. 2667
BRUCE K. REDDING, INC.      )               IN EQUITY

### EXCEPTIONS

AND NOW, this 2nd day of November, 1977, plaintiffs by their attorney file the following exceptions in this action, tried without a jury, under rule 1038 and rule 1518:

1. That the trial judge erred in not finding that the entire sum of money less the estimators fee should be given to the Defendant.

JOSHUA M. BRISKIN
Attorney for Defendant"

"November 2, 1977

Robert S. Robbins, Esq.
Suite 1032
1315 Walnut Street
Philadelphia, Pa. 19107

RE: YOUNG VS. REDDING

Dear Mr. Robbins:

Enclosed is a copy of Defendant's Exceptions to the adjudication of the trial judge in the above captioned matter, the original of which has been duly filed of record on this date.

Very truly yours,

JOSHUA M. BRISKIN

JMB:ib
encl."

---

## "REQUEST FOR COURT EN BANC

TO THE POST–TRIAL MOTION CLERK:

Pursuant to Local Rule 256–2, the undersigned, as counsel for Defendant, BRUCE K. REDDING, INC., in the above captioned case, hereby requests that Defendant's Exceptions be argued before a Court en Banc.

Attorney for Defendant"

---

"The undersigned, counsel for Defendant herein, hereby certified (sic) that it is not essential for the proper disposition of this motion that any of the testimony of trial be transcribed.

Attorney for Defendant"

---

## "CERTIFICATION OF SERVICE

The undersigned, counsel for Defendant in the above case, does hereby certify that on the 2nd day of November, 1977, he mailed a true and correct copy of Defendant's Exceptions to Robert S. Robbins, Esquire, Suite 1032, 1315 Walnut Street, Philadelphia, Pennsylvania 19107.

Attorney for Defendant"

234

It would appear from the review of these documents that in the pleading entitled "Exceptions" the use of the term "plaintiff" is either a mistake or a typographical error or confusion arising out of the fact that the defendant had filed a counterclaim. The pleading "Exceptions" is signed by Joshua M. Briskin, "Attorney for *Defendant*", (emphasis supplied). The letter to Attorney Robert S. Robbins refers to the defendant's exceptions as does the request for court en banc and certification of service. It seems obvious that the defendant not only intended but did, in fact, file exceptions to the adjudication of the lower court.

The unfortunate use of the word "plaintiff" instead of "defendant" in one pleading (the Exceptions) should not penalize and deprive defendant of his right to have his exceptions considered and disposed of by the Court.

We find that the defendant did file exceptions to the adjudication. Therefore, the case must be remanded to the lower court to decide the exceptions filed by the defendant.